GEORGE C. VAN TUYL, JR., as Superintendent of Banks of the State of New York, Respondent, *v.* AUGUST C. SCHARMANN et al., Appellants, Impleaded with Others.

Banking — superintendent of banks is authorized by Banking Law to institute actions to enforce the statutory liability of stockholders of insolvent trust companies for the debts and liabilities thereof.

1. Under the Banking Law (L. 1892, ch. 689, § 18, amd. L. 1908, ch. 143; Cons. Laws, ch. 2, § 19), which expressly repealed all acts and parts of acts inconsistent therewith, the superintendent of banks, if necessary to pay the debts and liabilities of a trust company, has authority to institute an action in his official capacity to enforce the liability imposed upon the stockholders thereof by section 196 of the Banking Law unhampered by any of the limitations contained in the Stock Corporation Law or the fact that the charter of the company has not been dissolved by judgment of the court.

2. While the trust company may be a proper party defendant to such action, it is not a necessary party, and hence a demurrer to the complaint because the trust company is not made a party defendant cannot be sustained.

3. The statutes relating to the liability of stockholders of banking and trust companies for the debts of such companies collated, examined and applied.

*Van Tuyl* v. *Scharmann*, 153 App. Div. 902, affirmed.

(Argued February 26, 1913; decided April 1, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 1, 1912, which affirmed an order of Special Term overruling a demurrer to the complaint.

Two questions were certified by the Appellate Division:

*First.* Does the complaint herein state facts sufficient to constitute a cause of action?

*Second.* Is there a defect of parties defendant in that the Lafayette Trust Company is not made a party defendant here?

The action was brought by plaintiff as Superintendent of banks of the state of New York to enforce the liability of defendants, who were stockholders of the Lafayette Trust Company.

The complaint in substance alleged the following facts: That plaintiff was duly appointed superintendent of banks and qualified as such; the corporate existence of the Lafayette Trust Company under article 5 of the Banking Law, and that said company was subject to the provisions of the Banking Law of the state of New York; that on or about November 30th, 1908, the debts and liabilities of the said company largely exceeded its assets and it was conducting business in an unsafe and unauthorized manner; its corporate stock has become and was impaired; that it had suspended payment of its obligations and was in an unsafe and unsound condition to transact business, and because of such condition the plaintiff superintendent of banks took possession and has since remained in possession of the property and business of the company, as provided by section 19 of the Banking Law, for the object and purposes therein mentioned.

The complaint further alleges that upon taking possession the plaintiff superintendent proceeded to collect the money due the company, to conserve its assets and business and to liquidate its affairs as provided by section 19 of the Banking Law; that apart from the sum of $48,335.77 in cash there remain unconverted and uncollected assets of the company upon which not to exceed $400,000 will be realized, while the total debts of the trust company owing to depositors and creditors amount to the sum of $831,908.77, and the superintendent of banks has determined it is necessary to enforce the individual liability of stockholders of the said trust company to pay its debts and liabilities; that the capital stock of the trust company on November 30th, 1908, was $500,000, consisting of 5,000 shares of the par value of $100.00 each held by the defendants herein; that on March 21st,

1910, the superintendent of banks determined that in order to pay the liabilities of the trust company it was necessary to enforce the individual liability of the stockholders thereof, and thereupon made an assessment and requisition upon them for the sum of $500,000, to be paid by them and each of them ratably on or before May 20th, 1910, in the proportion of $100 upon each and every share of stock held by each of the stockholders on November 30th, 1908.

Other counts of the complaint made reference to the Banking Law and the duty of the plaintiff thereunder. Sufficient reference has been made to the complaint to present the nature of the cause of action therein set forth.

The relief demanded was judgment directing and decreeing that any remaining unconverted assets of the trust company be sold and disposed of as provided by law; that an accounting be had of all outstanding and existing assets and liabilities of the corporation; that the amount of deficiency necessary to pay in full the debts and liabilities as judicially determined by the court be apportioned among the stockholder defendants herein ratably according to the number of shares of said company's stock held by them respectively; that each defendant pay the portion thereof adjudged to be paid by him, and for such other relief as would seem just and equitable.

Defendants demurred to the complaint upon the grounds that it failed to state a cause of action, and further that there was a defect of parties in that the Lafayette Trust Company was not made a party defendant. The demurrer was overruled at Special Term, and the decision of that court unanimously affirmed by the Appellate Division. Permission was granted to appeal to this court, and the questions as above noted were certified.

*Almet Reed Latson* and *Ward W. Pickard* for appellants. The statute under consideration conferred upon the superintendent of banks a right of action not

previously possessed by him, but did not enlarge the liability of a stockholder by making compliance with the Stock Corporation Law unnecessary as a condition precedent to the enforcement of the stockholder's liability. (*Chase* v. *Lord*, 77 N. Y. 1; *Cuykendall* v. *Corning*, 88 N. Y 129; *Hirshfeld* v. *Bopp*, 145 N. Y. 97; *United Glass Co.* v. *Vary*, 152 N. Y. 121; *Matter of Union Bank*, 204 N. Y. 313; *Cheney* v. *Scharmann*, 145 App. Div. 456; *Northern Bank* v. *Dewey*, 152 App. Div. 64; *Card* v. *Groesbeck*, 204 N. Y. 301.) The Appellate Division erred in holding that section 59 of the Stock Corporation Law is not applicable when the liability of a stockholder in a banking institution is enforced by the superintendent of banks. (*Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210; *Matter of Tiffany*, 179 N. Y. 455; *Matter of Union Bank*, 204 N. Y. 313; *Mosler Safe Co.* v. *Guardian Trust Co.*, 153 App. Div. 117.) The superintendent of banks, as the representative of the corporation, has no cause of action against the stockholders. (*Farnsworth* v. *Wood*, 91 N. Y. 308; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166, 185; *Thompson* v. *Knight*, 74 App. Div. 316; *Rathbone* v. *Ayer*, 84 App. Div. 186.) Section 19 of the Banking Law did not enlarge the liability of the stockholders, but the only effect of its enactment was to transfer to the superintendent of banks such cause of action as the creditors themselves might have against the stockholders. (*Cuykendall* v. *Corning*, 88. N. Y. 129.) The corporation still exists and the institution of suits against it has not been restrained or rendered impossible. (*Cheney* v. *Scharmann*, 145 App. Div. 456; *Lafayette Trust Co.* v. *Higginbotham*, 136 App. Div. 747; *Northern Bank* v. *Drury*, 152 App. Div. 64.) There is a defect of parties defendant. (*Bauer* v. *Platt*, 72 Hun, 326; *Van Tuyl* v. *N. Y. Real Estate Co.*, 153 App. Div. 409.)

*D-Cady Herrick* and *Frank M. Patterson* for respondent. The facts alleged are sufficient to constitute a cause

of action. (*Gillespie* v. *Montgomery,* 93 App. Div. 403; *Sage* v. *Culver,* 147 N. Y. 241; *Persons* v. *Gardner,* 42 App. Div. 490.) In order to maintain an action to enforce the liability of stockholders of a bank or trust company it is not necessary that the creditors of such corporation should have obtained a judgment and had an execution thereon returned unsatisfied. (*Howarth* v. *Angle,* 162 N. Y. 179.) It does not appear on the face of the complaint that there is a defect of parties defendant; the Lafayette Trust Company is not a proper or necessary party to the cause of action alleged in the complaint. (Code Civ. Pro. §§ 447, 452; *McMahon* v. *Allen,* 12 How. Pr. 39; *Chapman* v. *Forbes,* 123 N. Y. 532; *Bauer* v. *Platt,* 72 Hun, 332; *Farnsworth* v. *Wood,* 91 N. Y. 308; *Billings* v. *Robinson,* 94 N. Y. 11; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166; *Roberts* v. *N. Y. E. R. R. Co.,* 155 N. Y. 31; *National Bank* v. *Dillingham,* 147 N. Y. 603; *Anderton* v. *Wolf,* 41 Hun, 571.)

Hogan, J. Counsel for the appellants submits that the complaint fails to allege a cause of action for the reasons: (1) That the superintendent of banks as the representative of the corporation has no cause of action against the stockholders; (2) that section 19 of the Banking Law did not enlarge the liability of stockholders, but the only effect of its enactment was to transfer to the superintendent of banks such cause of action as the creditors themselves might have against the stockholders; (3) that the corporation still exists and that suits against it have not been restrained or rendered impossible; (4) that the creditors might, therefore, have performed the conditions precedent, prescribed by section 59 of the Stock Corporation Law, but, as the plaintiff does not allege that they, or any of them, have done so it fails to show that they have any cause of action against the stockholders, and, (5) the complaint fails to show that the superintendent of banks, as representative of the creditors, has any

such cause of action, and the complaint, therefore, is insufficient upon its face.

We are called upon to determine whether the liability of stockholders of the Lafayette Trust Company for the debts of the company may be enforced by the superintendent of banks under the provisions of the Banking Law, or whether such liability is enforceable only after a compliance with the provisions of section 59 of the Stock Corporation Law (Consol. Laws, ch. 59), which is as follows:

"Section 59. Limitation of Stockholders' Liability. No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against a stockholder after he shall have ceased to be a stockholder, * * *."

The Stock Corporation Law enacted in 1890 (Chapter 564) was a revision of the existing laws, particularly of the Manufacturing Corporations Law (Laws of 1848, chapter 40) and the Business Corporations Law (Laws of 1875, chapter 611). By section 57 a joint and several liability was imposed on stockholders of every stock corporation to creditors to an amount equal to the amount of stock held by them respectively for all debts and contracts made by the corporation "until the whole amount of capital stock shall have been paid in, * * *" and for debts due and owing to laborers, etc., substantially the liability imposed by the earlier laws referred to. Section 58 of the law was in effect the same as section 59 quoted. By section 1 of the Stock Corporation Law

moneyed corporations were excepted from the provisions thereof.

The Stock Corporation Law was amended in 1892 (Chapter 668) and provided that article one (which did not include the section under consideration) should not apply to moneyed corporations.   On May 18th, 1892, the Stock Corporation Law (Laws of 1892, chapter 688) and the Banking Law (Laws of 1892, chapter 689) were approved by the governor.

Prior to the Banking Law of 1892 liability for debts of the corporation had not been imposed upon stockholders of banks, save in certain cases (2 R. S. [1st ed.] 589, section 16, later repealed Laws of 1830, chapter 71), and by the Constitution of 1846 (Article 8, section 7) upon stockholders of banking corporations or associations "issuing bank notes or any kind of paper credits to circulate as money."

Section 52 of the Banking Law (L. 1892, ch. 689) provided:

"§ 52. Individual Liability of Stockholders.   Except as prescribed in the Stock Corporation Law, the stockholder of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares.   *   *   * "

In *Hirshfeld* v. *Bopp* (145 N. Y. 84) this court held that the language of the Banking Law "except as prescribed in the Stock Corporation Law" was to be construed as "subject to the limitations " of the Stock Corporation Law; that in an action by a creditor to charge a stockholder, under the Banking Law, it was incumbent on the plaintiff to aver and prove the performance of conditions precedent required by the Stock Corporation Law.

Section 52 of the Banking Law was amended (Laws of 1897, chapter 441) to provide a right of action to

enforce the liability of a stockholder under that section by a receiver of a corporation dissolved by a judgment of the court, unless such officer should refuse to take such action, after which action in that behalf could be taken by a creditor, and, as so amended, is now section 71 of the Banking Law.

In 1887 the first general law to provide for the organization of trust companies, for their supervision and for the administration of their affairs (Laws of 1887, chapter 586) was enacted. By section 29 of the act, as amended by Laws of 1889 (Chapter 558) stockholders thereof were made individually responsible, equally and ratably, for the then existing debts of the corporation to an amount equal to the par value of their respective shares of stock held by them in such corporation at the time of such default. That law was repealed by the Banking Law of 1892, and, in lieu thereof, article 4, entitled "Trust Companies," was included in the Banking Law.

Section 162 (which is now section 196) of the Banking Law read as follows:

"Liability of Stockholders and Directors. If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default. *   *   * "

By section 17 of the Banking Law of 1892, provision was made authorizing the superintendent of banks to require a corporation subject thereto to make good any deficiency in the impairment of the capital stock, and in the event that the examination of any corporation disclosed that any bank was in an unsafe or unsound condition to do banking business, the superintendent was authorized to forthwith take possession of such bank, its

property and business, and retain such possession until the termination of an action or proceeding instituted by the attorney-general. Likewise in the event that any such corporation violated its charter, or was conducting business in an unsafe or unauthorized manner, or it was unsafe for such corporation to continue business, the facts were to be reported to the attorney-general by the superintendent of banks, and the attorney-general was to institute such proceedings against the corporation as were authorized in the case of insolvent corporations. The form of the proceeding instituted by the attorney-general was an action for a dissolution of the franchises of the corporation, the appointment of a receiver and the liquidation of the affairs of the corporation.

That form of procedure continued until the enactment of chapter 143, Laws of 1908, entitled "An act to amend the Banking Law, relative to impairment of capital, supervision, causes for dissolution and proceedings against and liquidation of delinquent corporations and individual bankers." That act amended section 18 of the Banking Law (now section 19, Consolidated Banking Law) so as to provide:

"Whenever it shall appear to the superintendent (of banks) that any corporation * * * to which this chapter is applicable * * * is conducting its business in an unsafe or unauthorized manner, or if the capital of any such corporation * * * is impaired, * * * or if any such corporation * * * shall suspend payment of its obligations, or if from any examination or report provided for by this chapter the superintendent (of banks) shall have reason to conclude that such corporation * * * is in an unsound or unsafe condition to transact the business for which it is organized, or that it is unsafe and inexpedient for it to continue business he * * * may forthwith take possession of the property and business of such corporation * * * and retain such possession until such corporation * * * shall resume

business, or its affairs be finally liquidated as herein pro-
vided. * * * Upon taking possession of the property
and business of such corporation * * * the superin-
tendent is authorized to collect moneys due to such cor-
poration * * * and do such other acts as are neces-
sary to conserve its assets and business, and shall proceed
to liquidate the affairs thereof as hereinafter provided.
The superintendent shall collect all debts due and claims
belonging to it, and upon the order of the Supreme Court
may sell or compound all bad or doubtful debts, and on
like order may sell all the real and personal property of
such corporation * * * on such terms as the court
shall direct; and may *if necessary to pay the debts of
such corporation, enforce the individual liability of the
stockholders.*"

In *Matter of Union Bank of Brooklyn* (204 N. Y. 313,
316) Judge WERNER, construing the act of 1908, wrote:
"The events which led to its enactment are familiar his-
tory of which we may take judicial notice. The financial
depression of 1907, and the resulting embarrassment of
many banks, culminated in a series of receiverships in
which the demands for commissions and counsel fees were
so extravagant as to arouse an instant popular demand for
reform. To that end the superintendent of banks was
by statute invested with the powers which had previously
been exercised by receivers appointed by the courts.
* * * The statutory enumeration of the superintend-
ent's duties * * * indicates the legislative intent to
transfer to the superintendent the general duties and func-
tions which had theretofore been exercised by receivers."

The statute of 1908 expressly repealed all acts and
parts of acts inconsistent therewith, and in unmistakable
language conferred authority upon the superintendent of
banks, if necessary to pay the debts and liabilities of a
trust company, to institute action in his official capacity
to enforce the liability imposed upon the stockholders
thereof by section 196 of the Banking Law, unhampered

by any limitations contained in the Stock Corporation Law or the fact that the charter of the company had not been dissolved by judgment of the court. The scheme of the statute was to provide a procedure for the liquidation of delinquent corporations through a department of the state for the benefit of creditors, which would be economic and speedy. The same general plan prevails in the liquidation of national banks by the comptroller of the currency, and the relief sought by the complaint in this action is similar to the relief which was theretofore obtained in proceedings authorized to be taken against stockholders of bank corporations to enforce the liability imposed upon them by article 8, section 7, Constitution of 1846 (Laws of 1849, chapter 226; Banking Law of 1882, chapter 409, article 6), and which was sustained by this court in *Matter of Empire City Bank* (18 N. Y. 199).

In the examination of the questions involved in this appeal we have not deemed it necessary to refer to the liability imposed upon stockholders by the Constitution of 1894 (Article 8, section 7), neither have we overlooked the decisions of this court, called to our attention by the learned counsel for appellants. The cases upon which stress was laid by him were decided before the passage of the act of 1908.

In reference to the second count of the demurrer, that the Lafayette Trust Company is a necessary party to the action, we conclude that while the company may be a proper party defendant, it is not a necessary party. The views expressed lead to an affirmance of the decision of the Appellate Division.

The first question certified is answered in the affirmative, the second question in the negative.

The order should be affirmed, with costs.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; WERNER, J., concurs in result; COLLIN, J., dissents.

Order affirmed.