In the Matter of KNICKERBOCKER LIFE INSURANCE COMPANY.
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
KNICKERBOCKER LIFE INSURANCE COMPANY, Defendant.
ATTORNEY-GENERAL OF THE STATE OF NEW YORK and the
SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW
YORK, Appellants; HERMAN HOFFMAN, as Receiver of the
KNICKERBOCKER LIFE INSURANCE COMPANY, and CHARLES
W. SNIFFEN, as Administrator, etc., of LUCY SNIFFEN,
Deceased, a Creditor, Respondents.

First Department, January 13, 1922.

**Insurance — application for appointment of receiver of insolvent life
insurance company denied — applicant can secure necessary relief
on application to State Superintendent of Insurance.**

A receiver of the assets and property of an insolvent life insurance com-
pany which are in the possession of the State Superintendent of Insurance,
will not be appointed on the application of the administrator of the estate
of a beneficiary of a policy, where it is not shown that any demand for
payment of the claim was ever made on the Superintendent and refused.

If the claimant is entitled to receive any portion of the fund in the hands
of the Superintendent of Insurance, he can obtain speedy relief by appli-
cation to him and, if refused, by application to the court.

APPEAL by the Attorney-General of the State of New York
and another from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the
clerk of the county of New York, on or about the 7th day
of March, 1921, appointing a receiver of the assets and property
of the Knickerbocker Life Insurance Company, and a referee
to take proofs, and also from an order entered in said clerk's
office on or about the 28th day of April, 1921, denying the
motion of the Attorney-General and the State Superintendent
of Insurance to vacate and set aside the said order.

*Charles P. Robinson* of counsel [*Charles D. Newton, Attorney-
General*], for the appellants.

*Bernard Cowen* of counsel [*A. Frank Cowen* with him on
the brief], for the respondent.

PAGE, J.:

The respondent contends that the appeal from the order
of April twenty-eighth should be dismissed as not appealable.

A motion was made to dismiss this appeal on the same ground in June last and denied. (197 App. Div. 933.) The contention of the respondent in this regard requires no further comment.

The petitioner, administrator of an estate of a beneficiary of a life insurance policy in the Knickerbocker Life Insurance Company, applied to the court for the appointment of a receiver of said company, successor to one discharged by an order of December 23, 1887, reinstated in 1906, and his estate discharged after his executor had accounted. The assets of the company are now in possession of the State Superintendent of Insurance, where they have been for many years, who has paid out of the funds in his possession dividends to those claimants who had filed their claims with the receiver, and certain legal expenses incurred in the administration of the insolvent estate.

The petitioner does not show that any demand for payment of this claim was ever made upon the Superintendent and refused.

The Superintendent of Insurance since the enactment of section 63 of the Insurance Law* has been the official liquidator of all insolvent insurance companies. The purpose of this law was to provide for an economical liquidation of insolvent insurance companies through the agency of a State department, and to prevent the waste of assets which theretofore had been occasioned through receiverships. No good purpose can be served by the transfer of the assets from the custody and control of the State department to a receiver. The claimant, if entitled to receive any portion of this fund, can obtain speedy relief by application to the Superintendent of Insurance, and if refused, by application to the court. The only effect of this order will be to dissipate the funds in unnecessary receiver, referee and counsel fees.

The order of April 28, 1921, is reversed, with ten dollars costs and disbursements, and the motion to vacate the order of March 7, 1921, granted, with ten dollars costs, and the appeal from said order of March 7, 1921, dismissed, without costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

---

* Added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29, and Laws of 1918, chap. 119.— [REP.

Order of April 28, 1921, reversed, with ten dollars costs and disbursements, and motion to vacate order of March 7, 1921, granted, with ten dollars costs. Appeal from order of March 7, 1921, dismissed, without costs.