In the Matter of the Application of N. S. BEAN, as Receiver of the FIRST NATIONAL BANK OF WARREN, MASSACHUSETTS, Respondent, for Permission to Commence an Action against FRANCIS R. STODDARD, JR., Individually and as Superintendent of Insurance of the State of New York, Appellant, Impleaded with THE METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Fourth Department, November 21, 1923.

Insurance — appeal from order granting receiver of foreign bank permission to sue State Superintendent of Insurance in Federal court as liquidator of life insurance company — court has power to permit action against State Superintendent of Insurance — action should have been brought in this State — action having been commenced in Federal court order granting permission will not be reversed — application for leave to sue should have been made on notice under Civil Practice Act, §§ 897 and 898—full hearing was had on motion to vacate and error in procedure is irregularity which may be disregarded under Civil Practice Act, §§ 105 and 584 — no appeal lies from ex parte order — order modified by striking out provision requiring parties to submit to jurisdiction of Federal court.

The State courts have power to grant leave to a receiver of a foreign bank to sue the State Superintendent of Insurance as liquidator of a life insurance company to recover the value of securities alleged to have been fraudulently converted by the life insurance company.

The court should not have made an order permitting said foreign receiver to bring an action against the State Superintendent of Insurance in the Federal

court.   The action should have been brought in the courts of this State which have jurisdiction over the officer and the funds.

However, since an action has been commenced in the Federal court in reliance upon the permission granted in said order, that part of the order will not be reversed.

The motion to vacate the *ex parte* order granting permission to sue should have been granted, since under sections 897 and 898 of the Civil Practice Act, the application for leave to sue should have been made upon notice either to the justice who granted the restraining order in the liquidation proceedings or to the court at a term where contested motions may be heard, but as a full hearing was had on the motion to vacate the order, the error in procedure may be treated as an irregularity or defect and disregarded under sections 105 and 584 of the Civil Practice Act.

As no appeal lies from an *ex parte* order the appeal from the original order granting permission to sue must be dismissed and the order denying the motion to vacate the *ex parte* order will be modified by striking out that portion of the *ex parte* order requiring the State Superintendent of Insurance to submit to the jurisdiction of the District Court of the United States.

APPEAL by Francis R. Stoddard, Jr., individually and as Superintendent of Insurance, from an *ex parte* order of a justice of the Supreme Court, dated the 27th day of February, 1923, permitting N. S. Bean, as receiver, etc., to bring an action in the District Court of the United States against the appellant, individually and as Superintendent of Insurance, and the Metropolitan Life Insurance Company, and also from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 18th day of May, 1923, denying the appellant's motion to vacate the first-mentioned order.

*Carl Sherman, Attorney-General, Michael J. Montesano* and *Clarence C. Fowler, Deputies Attorney-General* [*Arthur E. Sutherland* and *Clarence W. Roberts* of counsel], for the appellant.

*Locke, Babcock, Spratt & Hollister* [*Raymond C. Vaughan* of counsel], for the respondent.

DAVIS, J.:

N. S. Bean, as receiver of the First National Bank of Warren, Mass., applied *ex parte* to a justice of the Supreme Court for leave to bring an action in the District Court of the United States against Francis R. Stoddard, Jr., as Superintendent of Insurance, who by virtue of an order of the Supreme Court was acting as liquidator of the Niagara Life Insurance Company.  The petition was granted and an order made permitting such action to be brought, and requiring the Superintendent and another to submit to the jurisdiction of the United States District Court.

The Attorney-General moved at Special Term on behalf of said Superintendent to vacate the order, and the motion was denied. An appeal has been taken from both orders.

From the record it appears that the Massachusetts bank was the owner of certain bonds. These were stolen by one Joseph Marsino and brought to Buffalo. Some of the bonds were offered to the Niagara Life Insurance Company and were sold through a broker, with the knowledge of its agents and the agents of the Superintendent of Insurance. The check therefor in the sum of $39,130.08 was made out to the insurance company and deposited to its credit. The company turned over to Marsino in payment a certificate of deposit and a check on a bank in Pennsylvania for a like amount, knowing, it is claimed, that said bank was insolvent and the certificate and check worthless. The petitioner claims that the insurance company never acquired any title to the stolen securities or their avails, and that the company and the Superintendent had such actual or constructive notice of the facts concerning the stolen bonds that they were put upon inquiry and were not innocent purchasers of said bonds in good faith.

It was shortly subsequent to this transaction that the Superintendent of Insurance, pursuant to section 63 of the Insurance Law, was put in possession of the property of the insurance company, then insolvent.* The order authorizing liquidation further provided that all persons were restrained from bringing or prosecuting any suit against the insurance company or interfering with its assets, or with the Superintendent of Insurance.

As already stated, the claim of the receiver of the Massachusetts bank is that the avails of these bonds never were and are not now assets of the insurance company, properly applicable to the payment of its liabilities. His position is that he should not be required to await the slow course of liquidation to obtain his property.

The Attorney-General contends: (1) That the Superintendent is an officer and agency of the State, carrying on a governmental function and is not an officer of the court and cannot be sued without his or the State's consent; (2) that the liquidation proceedings being *in rem* and the assets being administered upon in a State tribunal competent to pass on every question relating to their distribution, the claimant has no right to bring an action in the Federal court and thus interfere with the authority of the State tribunal; (3) that the statute requires petitioner to present his claim to the Superintendent of Insurance in liquidation proceedings and not otherwise; (4) that the proposed procedure is contrary to the policy of the State in such liquidation proceedings;

---

* See Insurance Law, § 63, added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29; Laws of 1918, chap. 119, and Laws of 1922, chap. 69.— [REP.

(5) that even if it be assumed that the Superintendent is holding the fund as an officer of the court, rather than as a State officer, then the petitioner should, in the orderly course of administration, be required to present his claim in the customary manner; (6) the procedure adopted by the petitioner was unauthorized.

Certain lines of business, like fire insurance, life insurance and banking, are of such extensive and peculiar character concerning a large number of people, that it is within the police power of the State to regulate them. (*German Alliance Ins. Co.* v. *Hale*, 219 U. S. 307.) The Legislature may in the exercise of such police power provide that a State officer shall, with or without judicial authorization, take control and possession of the assets of such a corporation, discovered to be clearly insolvent. The purpose is to prevent waste of assets and the consequent loss that would fall upon a large number of people without practical power to protect their rights.

The State itself has no interest in the fund and if the liquidator is sued, the action does not result in any money judgment against the State. The Superintendent in this case is not sued on a cause of action dealing directly with his office. The action does not relate to funds which he holds as a public officer, such as deposits of money by insurance companies in his hands as security for the obligations of such companies. Whether he is an officer of the court or a statutory receiver, it is not necessary to decide. He is administering upon and liquidating the affairs of a private corporation and no sound reason exists in our opinion why a suit against him should be regarded as a suit against the sovereign State. In fact, it is the common practice in the courts for such officers to sue and be sued. (*Matter of Carnegie Trust Co.*, 161 App. Div. 280; *Igel* v. *Phillips*, 183 id. 220; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Allen* v. *United States*, 285 Fed. Rep. 678.)

We think it quite clear, even in the absence of statute but under the rule of comity, that the petitioner might not have sued in any other court without leave. Generally speaking, the funds in the hands of the Superintendent are impressed with a trust in favor of all the creditors of the corporation. A foreign court will not and should not entertain jurisdiction. (*Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183.) When property has come into the hands of an officer or within the jurisdiction of a court, that court has the right to decide every question which occurs in the cause, and no one can take such property from its custody by any process, for this would produce a conflict extremely embarrassing to the administration of justice (*Peck* v. *Jenness*, 7 How. [U. S.] 612; *Peale* v. *Phipps*, 14 id. 368; *Farmers' Loan, etc., Co.* v. *Lake St. R. R. Co.,*

177 U. S. 51); other courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it (*Wabash Railroad* v. *Adelbert College*, 208 U. S. 38); and such property is withdrawn from the jurisdiction of other courts as effectually as if the property had been entirely removed to the territory of another sovereignty. (*Palmer* v. *Texas*, 212 U. S. 118.) This rule extends and applies to strangers claiming that their property was illegally seized by an officer of the court. (*Freeman* v. *Howe*, 24 How. [U. S.] 450.)

The property in the possession of the company when taken by the Superintendent was impressed with a trust. The title to some of the property was in dispute. By the provisions of section 63 of the Insurance Law, the authority of the Superintendent to take and hold the assets was by virtue of an order of the Supreme Court. We recognize the fact that if the property of petitioner was taken illegally or by mistake and commingled with the assets of the company, neither the Superintendent nor the creditors have any right to retain it. The petitioner is entitled to a speedy adjudication of his claim without waiting for the Superintendent to ascertain liabilities and marshal and distribute assets, ordinarily a protracted process. The Supreme Court granted an injunction on the application of the Superintendent for the purpose of permitting him to proceed with liquidation without being harassed by suits or claims of policyholders or stockholders. It had the unquestioned right to modify or vacate the injunction in the interest of justice to individuals who had claims distinct from those already stated. We see no reason, however, in this case for inviting conflict of jurisdictions by permitting the action to be brought in another court. The same result could have been reached by permitting the action to be brought in the Supreme Court, which had general jurisdiction over the liquidation proceedings. The policy of our courts is to require such procedure; and to permit a claimant to sue in another jurisdiction is a clear departure from such policy, hardly justified under the facts presented. The petitioner had and should have sought his remedy in the court having jurisdiction over the officer and the funds. (*Matter of Knickerbocker Life Ins. Co.*, 199 App. Div. 503; *Krippendorf* v. *Hyde*, 110 U. S. 276; *Covell* v. *Heyman*, 111 id. 176.)

This question is, however, in its practical aspects academic. It was stated on the argument and in the briefs without dispute that the action has been commenced and the United States District Court has taken and retained jurisdiction thereof under the leave granted. To reverse this order now and to deny leave to bring

the suit already commenced, might result in an order both embarrassing and inoperative. The petitioner is a non-resident, and this court has no jurisdiction to enjoin further proceedings in the United States District Court. While we are convinced, for the reasons stated, that the *ex parte* order should not originally have been made, we will content ourselves with modifying it by retaining that part giving leave to sue, but striking out that portion requiring the Superintendent of Insurance and the Metropolitan Life Insurance Company to submit to the jurisdiction of the District Court of the United States. We leave the question as to whether or not that court will retain jurisdiction to its discretion, under the rules of comity already referred to.

We think, too, that the motion to vacate the *ex parte* order should properly have been granted on questions of procedure. The application for leave to sue should have been made upon notice either to the justice who granted the restraining order, or to the court at a term where a contested motion may be heard. (Civ. Prac. Act, §§ 897, 898.) But as the appellant obtained a full hearing on the motion to dismiss, we may treat the error in the procedure as an irregularity or defect which as it involves no substantial right, may be supplied or corrected here. (Civ. Prac. Act, §§ 105, 584.)

No direct appeal lies from an *ex parte* order (*Stewart* v. *Stewart*, 127 App. Div. 672; *Moore* v. *American Molasses Co.*, 179 id. 505), and this appeal should, therefore, be dismissed. The order denying the motion to vacate the *ex parte* order should be modified so as to provide for striking out that portion of the *ex parte* order requiring Francis R. Stoddard, Jr., individually and as Superintendent of Insurance of the State of New York, and the Metropolitan Life Insurance Company to submit to the jurisdiction of the District Court of the United States, and as so modified the order should be affirmed, without costs.

All concur, CROUCH, J., in result only.

Appeal from *ex parte* order dismissed. Order denying motion to vacate the *ex parte* order modified so as to provide for striking out that portion of the *ex parte* order requiring Francis R. Stoddard, Jr., individually and as Superintendent of Insurance of the State of New York, and the Metropolitan Life Insurance Company to submit to the jurisdiction of the District Court of the United States, and as so modified affirmed, without costs of this appeal to either party.