AUGUST D. MASTERS, Plaintiff, *v.* ECLECTIC LIFE INSURANCE COMPANY, Defendant.

In the Matter of the Application of the Estate of ELLA W. SANDERS for a Determination of Its Interest in the Remaining Assets of the ECLECTIC LIFE INSURANCE COMPANY, and for the Payment of Its Proportionate Share Therein, Respondent; THE COMPTROLLER OF THE STATE OF NEW YORK and the ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellants.

First Department, February 5, 1926.

**Insurance — defunct insurance company — proceedings in Supreme Court for determination of right of petitioner to share in fund of defunct insurance corporation deposited with State Comptroller under Laws of 1924, chap. 184 — statute confers jurisdiction on Court of Claims — statute is constitutional — no jurisdiction existed in Supreme Court prior to statute — sole remedy is in Court of Claims.**

The determination of the right to funds of defunct insurance corporations deposited by the State Superintendent of Insurance with the State Comptroller, under chapter 184 of the Laws of 1924, is exclusively vested in the Court of Claims by that act, and the Supreme Court has no jurisdiction of a proceeding to determine the right of the claimant.

The act is not unconstitutional on the ground that it tends to divest the Supreme Court of its constitutional jurisdiction, for the jurisdiction conferred by the Constitution does not inherently include administrative proceedings designed by legislative enactment for the liquidation of insurance companies, and, therefore, since no jurisdiction had been conferred prior to the act in question upon the Supreme Court to determine the ownership and interest in these funds, the Legislature had the power to vest the determination of that question solely in the Court of Claims.

APPEAL by the Comptroller of the State of New York and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of October, 1925, directing that the determination of the interest of the estate of Ella W. Sanders, deceased, in and to an undistributed fund on deposit in the office of the Comptroller of the State of New York to the credit of the liquidation of the Eclectic Life Insurance Company be referred to a referee to take proof and advise the court with respect to the issues raised, etc.

*Albert Ottinger, Attorney-General* [*Robert P. Beyer, Deputy Attorney-General,* of counsel], for the appellants.

*A. Frank Cowen* [*John Caldwell Myers* of counsel], for the respondent.

McAvoy, J.   The justice presiding at Special Term directed a reference to determine the interest of the estate of Ella W. Sanders, deceased, to an undistributed fund on deposit in the office of the Comptroller of the State of New York to the credit of the liquidation of the Eclectic Life Insurance Company.   The petition on which the reference was ordered shows that the insurance company was liquidated by the Department of Insurance in March, 1878, by an order of the Court of Common Pleas of the City and County of New York, directing distribution of the sum of $103,000 then held by that Department.   There remained after such distribution the sum of $3,900, which, with interest, amounted to $4,400, which sum was paid over to the Comptroller of the State under chapter 184 of the Laws of 1924,* which provided that the Superintendent of Insurance should transfer to the Comptroller all funds in his hands, consisting of moneys derived from old receiverships of defunct life insurance companies which were liquidated prior to the enactment of section 63 of the Insurance Law.†   This law permitted any person claiming to be entitled to any part of those funds after July 1, 1924, and before July 1, 1926, to file with the Court of Claims any such claim and to deliver to the Attorney-General a copy thereof, who was to represent the State in such matter.   The statute then continues and provides that the Court of Claims shall have sole jurisdiction to hear, audit, determine and render judgment on all claims so filed.   The statute provides for notice to be published by the State Comptroller in the State paper, addressed to such persons and corporations as appear to be entitled to the funds, and stating that they may file claims therefor with the Court of Claims before July 1, 1926, and that any part of the fund as to which a claim is not so filed is to be paid into the treasury of the State for the use of the State.

The Attorney-General contends that this statute gives an exclusive remedy for the recovery of these funds, and that the only jurisdiction to which an applicant may apply for relief is that pointed out in the statute.   The State also asserts that the Supreme Court has no jurisdiction over this proceeding.   The

* Since amd. by Laws of 1925, chap. 225.— [REP.

† Added by Laws of 1909, chap. 300, as amd. by Laws of 1910, chap. 634; Laws of 1911, chap. 366; Laws of 1912, chap. 217; Laws of 1913, chap. 29; Laws of 1918, chap. 119, and Laws of 1922, chap. 69.— [REP.

respondent contends that the act tends to divest the Supreme Court of its constitutional jurisdiction, and is, therefore, null and of no effect, and that proceedings may be brought in the Supreme Court regardless of this statute.

We think that under the aforementioned provisions of chapter 184 of the Laws of 1924, the State has assumed to act as final liquidator of the balance remaining to the credit of this insurance company, and that this liquidation under the statute is an administrative proceeding committed by the Legislature to the control of one of the State departments. The method of procedure prescribed to establish claims against such a fund is wholly within the power of the Legislature to enact. Hence when a tribunal by which these claims are to be determined is designated, and sole jurisdiction to render judgment thereon is committed to that body, no other forum remains open to a petitioner under the act. Such general jurisdiction as is conferred upon the Supreme Court by the Constitution does not inherently include administrative proceedings designed by legislative enactment for the liquidation of insurance companies. The scheme of the statute in question is to provide a procedure for the recovery of moneys deposited in liquidations of delinquent corporations through an agency created by the State. The Court of Claims is expressly clothed by the Legislature with the power to make the determination of title to these funds. There was no statutory remedy for the recovery of these funds prior to the enactment of chapter 184 of the Laws of 1924. If, therefore, it were necessary to provide a remedy for an interested party to enable him to recover his interest in the fund committed theretofore to an administrative officer, the Legislature was within its rights when it conferred the remedy to indicate besides the method by which relief thus afforded could be exclusively given.

There being no jurisdiction heretofore conferred upon the Supreme Court to determine the ownership and interest in these funds, and the Court of Claims being expressly delegated by this statute with the right and power to determine their ownership, we do not believe that jurisdiction in the Supreme Court should be asserted in the absence of statutory delegation thereof.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion of petitioner denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.