In the Matter of the Application of The People of the State of New York, by Jesse S. Phillips, as Superintendent of Insurance, for an Order to Take Possession of the Property and Liquidate the Business of the Casualty Company of America.

In the Matter of the Claim of Maxwell Rubin, Respondent; The People of the State of New York, Appellant.

First Department, June 4, 1926.

Insurance — liquidation of insurance corporation — court has no power under Insurance Law, § 63, subd. 6, to fix or increase fee of attorney engaged by Superintendent of Insurance — court may disapprove fee fixed by Superintendent if fee is excessive — claimant cannot obtain compensation on quantum meruit on motion.

A fee fixed by the State Superintendent of Insurance for services performed by an attorney engaged by him in proceedings to liquidate an insurance company is final, except that the court may, under subdivision 6 of section 63 of the Insurance Law, disapprove the same if it is excessive.

The court has no power to fix the fee or to increase the fee fixed by the State Superintendent of Insurance.

The claimant, an attorney engaged by the State Superintendent of Insurance without a specific agreement as to the amount of his fee, cannot obtain compensation upon a *quantum meruit* basis by way of a motion, for if a recovery is permissible upon that basis it is necessary to proceed by an action at law.

Appeal by the People of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1926, fixing the compensation of the claimant, Maxwell Rubin, and ordering payment to him by the Superintendent of Insurance as liquidator of the Casualty Company of America.

*William J. Cahill* of counsel [*Clarence C. Fowler*, attorney], for the appellant.

*Maxwell Rubin* of counsel [*Pellet, Fay & Rubin*, attorneys], for the respondent.

Finch, J. The question herein involved is whether the act of the State Superintendent of Insurance, in fixing the compensation of persons employed by him under the provisions of section 63 of the Insurance Law, is final, save only as the court may disapprove of the amount upon the ground of a waste of assets.

The Superintendent of Insurance employed Maxwell Rubin, an attorney, to conduct certain litigation in connection with liquidation proceedings of the Casualty Company of America. The

employment was oral and no amount of compensation was agreed upon. The employment was terminated, and the Superintendent of Insurance fixed the compensation for the services rendered at the sum of $3,500. This amount Mr. Rubin refused to accept and moved at Special Term for an order fixing his compensation in the sum of $15,000. The matter was referred to a referee to report concerning the proper construction of said section 63 of the Insurance Law, and also as to what was the reasonable value of the services rendered. The referee correctly reported that in his opinion said section of the Insurance Law makes the act of the Superintendent of Insurance, in fixing the compensation, final, subject only to the disapproval of the court if excessive. Also the referee correctly reported that if the court had jurisdiction to review the question and increase the amount fixed, there was no evidence that the Superintendent had abused his discretion, and the court, therefore, should approve his act. The referee further reported that the reasonable value of the services rendered was $8,000. On motion of Mr. Rubin, the finding of the referee as to the value of the services rendered was confirmed, but his conclusion that the act of the Superintendent of Insurance in fixing the compensation was final, was disapproved. The matter was referred back to the Superintendent of Insurance to fix such amount of compensation as he should deem fair and reasonable, in view of the disapproval of the court of the amount theretofore fixed by him. The Superintendent again fixed $3,500 as the sum he considered just, fair and reasonable compensation for the services performed by the said Rubin. Thereupon the latter moved at Special Term for an order fixing his compensation in the sum of $15,000, and the order herein appealed from was granted fixing compensation in the sum of $8,000.

The question presented for determination involves the construction of subdivision 6 of section 63 of the Insurance Law (added as subd. 4 by Laws of 1909, chap. 300, as amd. by Laws of 1911, chap. 366, and renum. by Laws of 1912, chap. 217), which reads as follows: " For the purposes of this section, the Superintendent shall have power to appoint, under his hand and official seal, one or more special deputy superintendents of insurance, as his agent or agents, and to employ such counsel, clerks and assistants as may by him be deemed necessary, and give each of such persons such powers to assist him as he may consider wise. The compensation of such special deputy superintendents, counsel, clerks and assistants, and all expenses of taking possession of and conducting the business of liquidating any such corporation shall be fixed by the Superintendent, subject to the approval of the court, and shall, on certifi-

cate of the Superintendent, be paid out of the funds or assets of such corporation."

The question may be further narrowed to an inquiry as to the precise meaning of the portion of the section which provides that compensation " shall be fixed by the Superintendent, subject to the approval of the court." In determining this question, the purpose to be accomplished by the Legislature in providing for the business of liquidation becomes important. This purpose appears to have been to avoid the delay and waste connected with receiverships and to provide for an economical liquidation of insolvent insurance companies directly through the agency of the State Insurance Department instead of through the medium of the courts. In 1909, the year in which the special act in question was passed, Governor Hughes, in his message to the Legislature, said: " In my annual message I recommended that authority should be given to the Superintendent of Insurance to conduct the liquidation of insolvent insurance companies in a manner similar to that which has been authorized in the case of banking institutions. The serious delays and enormous waste connected with receiverships, both of banking and of insurance corporations, has directed attention to the advisability of providing suitable means for economical and speedy liquidation through the agency of the respective State departments. Last year the Banking Law was amended so as to provide for liquidation of banking corporations by a business-like method, and the wisdom of the provision has already been demonstrated by experience. Similar exigencies arise in connection with insurance corporations and should be dealt with in a similar way." (See N. Y. Sen. Doc. 1909, vol. 5, No. 26, p. 1; Public Papers of Governor Hughes, 1909, p. 52.)

That the Legislature had the aforesaid purpose in view was expressly recognized in *Matter of Knickerbocker Life Ins. Co.* (199 App. Div. 503), where the court by PAGE, J., said: " The purpose of this law was to provide for an economical liquidation of insolvent insurance companies through the agency of a State department, and to prevent the waste of assets which theretofore had been occasioned through receiverships." Also in *Van Tuyl* v. *Scharmann* (208 N. Y. 53, 63) it was said, by HOGAN, J.: " The scheme of the statute was to provide a procedure for the liquidation of delinquent corporations through a department of the State for the benefit of creditors, which would be economical and speedy."

It thus appears that the object of the statute was to conserve the assets of insolvent insurance companies and to promote economy in the liquidation of the same. To this end the Legislature provided for the liquidation of insolvent insurance companies directly

through the administrative branch of the government by the Superintendent of Insurance. The Superintendent of Insurance gets his duties and powers directly from the State itself and the courts will not assume jurisdiction in conflict with this statutory administration. In *Masters* v. *Eclectic Life Ins. Co.* (215 App. Div. 424) McAVOY, J., writing for the court, said: " Such general jurisdiction as is conferred upon the Supreme Court by the Constitution does not inherently include administrative proceedings designed by legislative enactment for the liquidation of insurance companies. * * * We do not believe that jurisdiction in the Supreme Court should be asserted in the absence of statutory delegation thereof."

The only power conferred by the statute upon the court is to approve, or disapprove because excessive, the compensation fixed by the Superintendent of Insurance. The court is given no power of fixation, and hence even though the court may consider the compensation fixed by the Superintendent too low, it must approve the same. Only in the event the compensation fixed by the Superintendent is excessive, may the court disapprove the same. In other words, the court may refuse to approve the waste of corporate assets by payment of excessive compensation, but on the other hand there can be no reason for the disapproval by the court of an economical administration of such assets. An attorney need not accept employment by the Superintendent of Insurance without a specific agreement as to his compensation.

Moreover, in no event would the claimant have the right to obtain compensation upon a *quantum meruit* basis by way of a motion. In order to recover upon a *quantum meruit* it would be necessary to proceed by way of an action at law. (*Dykman* v. *City of New York*, 183 App. Div. 859.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MARTIN and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.