MERCHANTS NATIONAL BANK BUILDING, RESPONDENT, v. FARMERS STATE BANK OF CUT BANK ET AL., APPELLANTS.

(No. 8,095.)

(Submitted January 10, 1941.   Decided March 26, 1941.)

[111 Pac. (2d) 806.]

*Mr. William H. Clarke, Mr. S. C. Ford* and *Mr. Sam D. Goza, Jr.,* for Appellants, submitted a brief; *Mr. Clarke* argued the cause orally.

*Mr. William Scallon* and *Messrs. Weir, Clift & Bennett,* for Respondent, submitted an original and a supplemental brief; *Mr. Harry P. Bennett* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from an order denying their motion for a change of venue. Briefly summarized, the complaint, which was filed in Lewis and Clark county, alleges that the defendant bank, on June 11, 1921, for a valuable consideration executed a note to the First National Bank of St. Paul, Minnesota, in the sum of $15,000 and gave as security an assignment of certain personal property with authority to the owner and holder of the note to sell the collateral at private or public sale in case of default and apply the proceeds on the note; that prior to May 1, 1923, the defendant bank went into liquidation and G. M. Robertson was appointed receiver; that thereafter the First National Bank of St. Paul made claim for the amount due on the note and was granted a receiver's certificate and proof of claim; that thereafter the First National Bank of St. Paul brought action in Ramsey county, Minnesota, to foreclose the collateral security, obtained judgment and an order of sale, and sold the security and applied the proceeds on the

note, leaving an unpaid balance of more than $12,000 which is still due and unpaid.

On August 30, 1937, the balance due on the claim was by the First National Bank of St. Paul assigned to plaintiff, which is now the holder thereof. On October 20, 1937, pursuant to section 6014.150, Revised Codes, the court discharged the receiver and ordered the liquidation to be continued by defendant W. A. Brown, as superintendent of banks. It is then alleged that Brown as such superintendent of banks and liquidating agent is paying dividends and claims against the defendant bank, but refuses to make any payments to plaintiff, though demanded, and has made a ruling at his office in Helena that plaintiff is not entitled to receive any further payments on its claim because of the prosecution by plaintiff's predecessor of the action in St. Paul to foreclose its collateral. The prayer is for judgment in the sum of $12,034.95, with interest from September 9, 1921; that defendants be required to acknowledge the claim and pay its rightful proportion of moneys received by them, and for an accounting of money received and which should have been applied to plaintiff's claim.

Defendants made proper demand that the action be transferred to Glacier county for trial, since that is the county where the defendant bank was located and where its business was transacted, and since the receiver's certificate was issued under authority of the district court of that county. It is contended by defendants that the district court of Glacier county is the court having sole and exclusive jurisdiction of all matters pertaining to the liquidation proceedings. Plaintiff takes the view that the venue of the action is in Lewis and Clark county, since that is the residence of defendant liquidating agent, and the place where payment is to be made on the claim of plaintiff, and since that is the place where refusal to make the payments took place and where he maintains his office.

The statutes relating to the powers and duties of the superintendent of banks in connection with closed banks, are not definite on the question of venue as to all types of actions. It is definite in some respects. By section 6014.137, Revised Codes, if the

liquidating officer desires to sell, compromise or compound any of the assets, he may do so by applying for an order to that effect, from "the district court of the county in which such bank is located." If the bank itself is aggrieved by any action of the superintendent, it may apply to the "district court of the county in which its principal place of business is located" for an injunction. (Sec. 6014.138.) The superintendent either allows or rejects all claims and if a claim is rejected, the claimant may commence action "against the bank in the proper court of the county where the bank is located" to fix the amount of the claim. (Sec. 6014.142.) At the conclusion of the liquidation proceedings he shall file a report "with the clerk of the district court in the county in which the bank is located." (Sec. 6014.-148.) To enforce stockholders' liability the liquidation officer may institute action "in any state or federal court of competent jurisdiction." (Sec. 6014.25.) In order to compromise, settle or compound claims for stockholders' liability he must secure the consent of the court "having jurisdiction of such liquidation." (Id.) He may determine the court where necessary suits shall be instituted, "subject to the general provisions of law governing venue and place of trial." (Id.) He must file inventory with the "district court having jurisdiction," within ninety days after taking charge of an insolvent bank, and semi-annual reports showing the conditions of liquidation." (Id.)

Thus it is seen that in some respects the court where the bank is located has exclusive jurisdiction of the liquidation proceedings. In that court claims must be adjudicated and reports must be filed. In this case the claim in question was adjudicated by the proper court and a receiver's certificate was issued approving the claim.

In effect the plaintiff here seeks to compel the liquidating ██ officer to pay the claim which has already been adjudicated by the proper court. It seeks to compel the liquidating officer to apply assets in his possession to the payment of the claim pro rata along with others. This the liquidating officer might do without consulting the court having charge of the liquidation, and we see no reason why any other court may not

have jurisdiction and authority to compel that to be done in the absence of any statute to the contrary. In determining the proper venue of the action, we must resort to the general venue statutes.

The liquidating officer, except as the statute otherwise indicates, need not consult the court having charge of the liquidation. He acts as a state officer by authority of the statute and not by virtue of an appointment by the court, and in this respect his status is different from that of a receiver. (*Van Tuyl, Supt.,* v. *Scharmann,* 208 N. Y. 53, 101 N. E. 779; *Ex parte Chetwood,* 165 U. S. 443, 17 Sup. Ct. 385, 41 L Ed. 782; *Fifer* v. *Williams,* 5 Fed. (2d) 286; *Isaac* v. *Marcus,* 258 N. Y. 257, 179 N. E. 487; *Bride* v. *Stormer,* 368 Ill. 524, 15 N. E. (2d) 282.)

Section 9094, Revised Codes, provides:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: * * *

"2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

The cause of action here, or at least some part thereof, arose in Lewis and Clark county where defendant is alleged to have wrongfully refused to perform the duties imposed by virtue of his office. The case of *Kidder* v. *Hall,* 113 Tex. 49, 251 S. W. 497, based upon a statute somewhat similar to our Banking Act, in effect supports defendants' contention, but we are not impressed with the soundness of the opinion in that case.

The court was correct in denying the motion for change of venue. The order appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.