In tbis case the controversy had been between one Samson and a certain Smiley, and tbe register and receiver had decided in favor of Smiley. Samson accordingly brought tbe case
 
 *92
 
 here. The ease differed, as this court considered, in no respect from the case just decided, but one, which was that when the register and receiver decided in favor of Smiley against Samson, in the contest for the right of pre-emption to the land, they did not give him a patent cerlifictae as they did to Towsley; The reason for this seemed to be that the contest between him and Samson was prosecuted immediately from the register and receiver’s decision to the commissionei’, and from the commissioner’s decision affirming that of the register and receiver, to the secretary, so that there was no period, until the final decision of the latter, when either party could have been permitted to make the entry; but the record showed that, on a full and thorough investigation, all the officers of the land department decided that Smiley had established his right of pre-emption, and the secretary overruled this on the sole ground that he had filed a declaratory statement for another tract of land.
 

 After argument by
 
 Mr. Trumbull, for Samson et al., plaintiffs in error, and by Messrs. M. H. Carpenter, J. M. Woolworth, and A. J. Poppleton, contra,
 
 the judgment of the court was delivered by Mr. Justice MILLER, to the effect that the land in question, having never been subject to private entry, the construction of the statute made by the secretary was erroneous, and operated to deprive Smiley of his right, otherwise perfect, to the land, and to vest the legal title, which he ought to have received, in Samson. The case came, therefore, as the court considered, within the principle just decided in
 
 Towsley
 
 v. Johnson, and the judgment of the Supreme Court of Nebraska was accordingly
 

 Affirmed.