JAMES M. SEAMANS *vs.* JOHN GIBBS & others.

Norfolk. Jan. 23, 1880; Sept. 8, 1881. — Feb. 27, 1882. C. ALLEN, J., absent.

Land was conveyed to a person in trust, with full power to manage it and sell off the gravel, loam and wood from time to time at his discretion; to sell and convey the land itself or any part thereof, and for such sums as might seem to him judicious; and to divide the net proceeds of all sales among the equitable owners of the land according to their respective interests, or at his discretion to expend them in improving the property. He executed declarations of trust, which declared that he was to hold the shares of the equitable owners respectively, or the proceeds thereof, to be managed as set forth in the trusts contained in the deed to him. No specific time was stated for the termination of the trust. *Held*, that one equitable owner was not entitled to call for a conveyance before the purposes of the trust were accomplished, without showing maladministration on the part of the trustee.

BILL IN EQUITY against John Gibbs, Moses Withington and Henry G. Seaverns, by the purchaser of an equitable interest in

land held in trust by the defendant Gibbs, to compel a convey-
ance of the same.  Hearing before *Morton*, J., who dismissed
the bill with costs; and the plaintiff appealed to the full court.
The facts appear in the opinion.

*M. Williams, Jr. & C. A. Williams*, for the plaintiff.

*G. Morrill*, for the defendants.

ENDICOTT, J.  The defendant holds the real estate in ques-
tion in trust, with full power to manage it and sell off the
gravel, loam and wood from time to time at his discretion; and
also to sell and convey the land itself or any part thereof, and
for such sums as may seem to him judicious.  He is to divide
the net proceeds of all sales among the equitable owners, accord-
ing to their respective interests, or he may at his discretion ex-
pend them in improving the property.  These provisions are
contained in the deed by which the land was conveyed to him.
The declarations of trust made by the defendant do not enlarge
the terms of the deed, and simply declare that he is to hold the
shares of the equitable owners respectively, or the proceeds
thereof, to be managed as set forth in the trusts contained in
the deed.

It is evident that this land was purchased by the equitable
owners, for the purpose of taking off the wood and gravel, and
disposing of the land by sale from time to time, at the discretion
of the trustee, who, of course, was to act for the best interests
of the equitable owners.  No specific time is stated for the ter-
mination of the trust.  But this does not render it invalid; for
its duration is clearly to be inferred from the terms of the in-
struments and the nature of the undertaking, — that it was to
continue for such reasonable time as may be necessary for the
accomplishment of the purposes for which it was created.  The
trustee cannot refuse to perform the duties imposed upon him;
and, in performing those duties, he is to act for the best interests
of the equitable owners, either by selling immediately, or post-
poning his sales from time to time as those interests may de-
mand.  It certainly would be a breach of trust on his part to
force on the sales to their disadvantage.

The case was heard upon evidence which is not reported, and
the bill was dismissed.  All inferences of fact open on the bill
and answers must be presumed to have been decided against the

plaintiff. The presiding judge, therefore, must be presumed to have found that there were no agreements or understandings, either verbal or written, as to the terms and purposes of the trust, or as to its management or termination, or as to the conveyance of the legal title to the equitable owners, other than those set forth and contained in the trust deed and declarations of trust made by the defendant. He must also have found that the purposes of the trust had not yet been accomplished; that it was for the advantage of the parties interested that it should continue; and that there had been no maladministration on the part of the defendant, in the management of the property, or in accounting to the equitable owners for his receipts and disbursements, and in paying to them all sums they were entitled to receive.

Although it is not in terms expressed that the equitable owners shall not call for a conveyance, it is clearly to be inferred from the character of the transaction, that one owner cannot call for a conveyance before the purposes of the trust are accomplished, and thereby defeat the object for which it was created, without at least showing maladministration on the part of the trustee. It is not his absolute right to do so. It may be that on a certain state of facts he might have the right to a conveyance; but the facts appearing before the presiding judge are not reported, and we have no means of determining that the decree entered was erroneous.

The case does not come within the rule against perpetuities, as defined in numerous decisions of this court. *Odell* v. *Odell,* 10 Allen, 1. *French* v. *Old South Society,* 106 Mass. 479. *Hills* v. *Simonds,* 125 Mass. 536. An inalienable estate was not created by the deed and declarations of trust, which could not be conveyed even if all the parties in interest joined in conveying. The trustee, by the terms of his deed, could convey the estate discharged of the trust, or all the parties in interest could at any time pass the title by joining in a conveyance.

No error of fact or law being shown in the decree appealed from, it must be affirmed, with costs. *Mason* v. *Daly,* 117 Mass. 403. *Decree accordingly.*