Sidney Bell, Respondent, v. August Niewahner, Appellant.

*Venue — the provision forbidding a change of venue in an action for a violation of the Domestic Commerce-Law is unconstitutional.*

The clause, "if laid in such county, it shall not be changed for any cause," contained in section 29 of the Domestic Commerce Law (Laws of 1896, chap. 376), relating to actions for penalties imposed for the use of milk cans in violation of that section, which reads as follows: "Such action may be brought in a court of record having jurisdiction thereof, and the place of trial thereof may be laid in the county where such owner, dealer or shipper resides at the time of the commencement thereof, and, if laid in such county, it shall not be changed for any cause," violates section 1 of article 6 of the Constitution of the State of New York, which provides: "The Supreme Court is continued with general jurisdiction in law and equity." The unconstitutionality of the provision above quoted does not make invalid the remainder of the subdivision in which it occurs.

Appeal by the defendant, August Niewahner, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Orange on the 5th day of May, 1900, denying the defendant's motion to change the place of trial of the action from the county of Orange to the county of New York.

*William S. Bennet*, for the appellant.

*A. H. F. Seeger*, for the respondent.

Goodrich, P. J. :

The action is brought under the act relating to domestic commerce. (Laws of 1896, chap. 376.) The plaintiff, as the agent of the owners of eleven milk cans, sues for the penalty of fifty dollars for the use of each can in violation of section 29 of the act. One of the paragraphic subdivisions of that section reads as follows: " Such action may be brought in a court of record having jurisdiction thereof, and the place of trial thereof may be laid in the county where such owner, dealer or shipper resides at the time of the commencement thereof, and if laid in such county it shall not be changed for any cause or it may be brought in a justice's court or other court not of record having similar jurisdiction in the city or

county where a violation of this section is committed; the district courts of the city of New York shall have jurisdiction of such an action irrespective of the residence of any party or the location of the subject-matter."

Two of the three owners live in Orange county and the other in Columbia county, and the complaint alleges that the defendant had the cans in possession and use at the city of New York. The venue was laid in Orange county. The defendant moved for a change of venue to the county of New York, on the ground that the action being for a penalty, and the cause of action having arisen in that county, it must be tried there under the provisions of section 983, subdivision 1, of the Code of Civil Procedure, and also for the convenience of witnesses.

There can be no doubt that the clause of section 29, which reads, " and if laid in such county it shall not be changed for any cause," is an infringement of section 1 of article 6 of the Constitution, which provides that " The Supreme Court is continued with general jurisdiction in law and equity." (*People* v. *Coughtry*, 12 N. Y. Supp. 259; *Mussen* v. *Ausable Granite Works*, 18 id. 267; S. C., 63 Hun, 367.) In the latter case the General Term of the third department declared unconstitutional a statute giving exclusive jurisdiction of all actions or special proceedings against the mayor, aldermen and commonalty of the city of New York to the Supreme Court in the first judicial department, the Court of Common Pleas and the Superior Court, saying (p. 268): " Among the powers that have been exercised by courts of general jurisdiction from time immemorial has been the power to change the place of trial of an action not involving real property in furtherance of justice. It was one of the powers exercised by the then existing supreme court at the time of the adoption of section 6, art. 6 of the constitution. The statute in question strips the court of that power. It confines the trial of actions to which the city of New York is made a party to the county of New York, and prevents the court from exercising its power to change the place of trial, and is, in that regard, in derogation of the powers granted and confirmed to the court by the constitution."

But while the clause in question is clearly unconstitutional, the other part of the subdivision is not thereby affected, and falls within the category spoken of by Mr. Endlich in his volume on Interpreta-

tion of Statutes, section 538, where he says: "But an enactment may be unconstitutional in part only and valid as to the rest, the question depending upon the nature of the defect,— whether it is one that pervades the whole and attaches to every portion of it, or one that affects only some clause or provision capable of being detached from the rest without destroying the completeness of the legislation or causing a departure from the main intent of its enactment."

The venue was, therefore, properly laid in Orange county, where some of the owners reside, or it might have been laid in New York county, where the violation occurred or the defendant resides.

Assuming that the motion to change the venue for convenience of witnesses was not prematurely made, we have examined the affidavits used by each party on the motion and think that the discretion of the learned justice at Special Term was properly exercised. For these reasons the order should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.