### WARNER v. PALMER.

(Supreme Court, Appellate Division, Third Department.  November 13, 1901.)

1. MILK CANS—UNLAWFUL POSSESSION—PENALTY—ACTION—VENUE.

Code Civ. Proc. § 983, requires actions for penalties to be tried in the county where the cause of action arose.  Laws 1896, c. 376, § 29, imposing a penalty on any person trafficking in milk cans belonging to any milk dealer who has his initials stamped thereon, provides that an action for such penalty may be tried in the county where the dealer resides.  This act became operative October 1, 1896.  Laws 1896, c. 977, relating to milk cans, passed at the same session, and becoming operative in May, 1896, was an amendment to Laws 1887, c. 401, as amended by Laws 1890, c. 25.  It contained nothing as to the venue of an action for the penalty prescribed by chapter 376, nor did it refer in any way to that chapter.  Laws 1887, c. 401, was expressly repealed by Laws 1896, c. 376.  *Held*, that as Laws 1896, c. 376, was not impliedly repealed by Laws 1896, c. 977, an action for the recovery of the penalty prescribed by chapter 376, § 29, was properly brought in the county where the plaintiff resided, though the cause of action arose in another county.

2. SAME—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Laws 1887, c. 401, as amended by Laws 1896, c. 977, § 1, declares it to be unlawful for any person, without written consent, to use, dispose of, buy, or traffic in milk cans belonging to any dealer or shipper.  Section 2 makes possession presumptive evidence of unlawful use, etc., and section 4 prescribes a penalty therefor.  In an action for such penalty, on motion for change of venue from the county of the dealer's residence to that where defendant resided and where the offense was committed, it appeared that 11 witnesses residing in the latter county were necessary

to rebut the presumption of guilt raised by the statute. Fewer wit-
nesses were necessary to plaintiff's case. *Held*, that the motion was im-
properly denied.

Appeal from special term.

Action for penalty by George M. Warner against Charles Palmer.
From an order denying defendant's motion for a change of venue, he
appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
SMITH, and CHASE, JJ.

Daniel J. Dugan, for appellant.
Lewis Cass, for respondent.

EDWARDS, J. This is an appeal from an order denying a mo-
tion of the defendant to change the place of trial from Schoharie
county to Albany county, on the ground that Schoharie county is
not the proper place of trial, and also on the ground of the conven-
ience of witnesses. The action was brought to recover a penalty
against the defendant for unlawfully having in his possession five
milk cans belonging to the plaintiff, and marked with his initials.
The answer admits that the plaintiff is a resident of Schoharie county,
and is a farmer and milk producer, and denies the other allegations
of the complaint. The plaintiff resides in Schoharie county, and the
defendant in Albany county. The defendant served a demand for
a change of place of trial, which was not acceded to, and thereafter
made his motion. His contention is that, the action being to recover
a penalty, it must, under the provisions of section 983 of the Code of
Civil Procedure, be brought in the county of Albany, where the cause
of action arose. This contention would be correct, but for the pro-
vision of section 29 of the domestic commerce law (chapter 376,
Laws 1896), which provides that:

"Such action may be brought in a court of record having jurisdiction
thereof, and the place of trial thereof may be laid in the county where such
owner, dealer or shipper resides at the time of the commencement thereof,
and if laid in such county it shall not be changed for any cause."

In Bell v. Niewahner, 54 App. Div. 530, 66 N. Y. Supp. 1096, it
was held that the clause of the section which reads, "if laid in such
county it shall not be changed for any cause," is unconstitutional, but
that the remainder is valid. This act, therefore, so far as it provides
that the place of trial may be laid in the county where the owner of
the milk cans resides, repeals by implication the provisions of section
983 of the Code. But the defendant contends that section 29 was
repealed by implication by chapter 977, Laws 1896, passed at the same
session of the legislature, and which became a law 35 days later. I
do not think this contention is sound. The domestic commerce law,
passed April 23, 1896, provided that it should take effect October 1,
1896, and expressly repealed chapter 401 of the Laws of 1887, as
amended by chapter 25 of the Laws of 1890, entitled "An act in rela-
tion to milk cans." Chapter 977 of the Laws of 1896, which took
effect immediately, is an amendment to chapter 401 of the Laws of
1887, as amended by chapter 25 of the Laws of 1890, and does not

purport to amend the domestic commerce law, nor to expressly re-peal any portion thereof, nor does it make any reference to it. It repeals "all acts or parts of acts inconsistent" with its provisions. That act contains no provision whatever as to the county in which the place of trial may be laid. There is not, therefore, any repug-nancy or inconsistency between the two acts in respect to the county in which the place of trial may be laid; and, the statute having been enacted at the same session of the legislature, the provision of section 29, c. 376, in that respect, is for this reason in full force and effect. The venue, therefore, was properly laid in Schoharie county, and the motion to change on the ground that it was not the proper county was properly denied.

But I think that the defendant should have prevailed on his motion to change the place of trial, on the ground that the convenience of witnesses will be promoted by the change. The action was brought to recover a penalty on the ground, as alleged in the complaint, that "in violation of the provisions of chapter 401 of the Laws of 1887, and the several acts amendatory thereto and supplemental thereto, and without plaintiff's permission, the defendant did unlawfully have in his possession or under his control five of plaintiff's milk cans," which were marked with plaintiff's initials. The statute under which the action is brought declares it "to be unlawful for any person or persons, without the written consent of the owner or owners, or shipper or shippers, to use, sell, dispose of, buy or traffic in any milk or cream cans belonging to any dealer or dealers or shipper or ship-pers of milk." Laws 1896, c. 977, § 1. The mere possession by a person of milk cans marked with the initials of another is not a vio-lation of the statute. Section 2 of the act makes such possession "presumptive evidence of the unlawful use, sale, purchase of, or traffic in such can or cans." Section 4 prescribes a penalty for having such cans in one's possession "in violation of this act." Although the language of the statute is somewhat obscure, it is evident that the intention of the statute was not to make the mere possession of the cans of another unlawful, so as to subject to the penalty, but rather to make such possession presumptive evidence of that which is de-clared by the first section to be unlawful; that is, the using, selling, disposing of, buying, or trafficking in any of the cans of another marked with his initials. If there should be a trial under the plead-ings as framed, it would be competent for the defendant to show that his possession of the plaintiff's cans was free from any wrongful pur-pose, and not in violation of the statute. In other words, it would be competent for him to introduce such evidence as would explain his possession of the cans, and rebut the presumption of the statute. It appears from the defendant's affidavit used on the motion that, although he had possession of the cans referred to in the complaint, 11 witnesses residing in Albany county were necessary and material to rebut the presumption of the statute, and to show that such pos-session was not in violation of the act which makes it unlawful "to use, sell, dispose of, buy or traffic" in such cans. Such evidence would be competent and admissible on the trial, and the number of his witnesses residing in Albany county being larger than the num-

ber residing in Schoharie county, who will be necessary for the plaintiff, as appears by his affidavit, and the cause of action, if any, having arisen in Albany county, the place of trial, according to the settled practice, should be changed to the latter county. The order should be reversed, with costs, and the motion granted, with costs to abide event. All concur.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide event.