FRANK P. WALSH, as Substituted Trustee of the ATLANTIC INSUR-
ANCE COMPANY, Appellant, *v.* THE STATE OF NEW YORK,
Respondent.*

Claim No. 18287.

Third Department, April 5, 1928.

Insurance — defunct insurance corporation — corporation organized
under Laws of 1824, chap. 59, and dissolved pursuant to Laws of 1828,
chap. 223 — under dissolution statute distribution was to be made under
direction of chancellor or circuit judge acting through " commis-
sioners "— Supreme Court succeeded to rights of chancellor — funds
vested in Supreme Court with duty to execute trust under Laws of 1828,
chap. 223, and Personal Property Law, § 20 — substituted trustee person
entitled to funds under Laws of 1925, chap. 225.

The defunct insurance company involved in this proceeding was organized under
chapter 59 of the Laws of 1824 and was dissolved pursuant to chapter 223 of
the Laws of 1828. The dissolution statute provided that distribution if made was
to be made under the direction of the chancellor or circuit judge acting through
" commissioners." Partial distribution was made in 1832 and in 1834. In
1862 the Supreme Court, the successor of the chancellor, appointed a trustee
and receiver of the undistributed balance. In 1921, the original trustee and
receiver having died, the Supreme Court directed that the fund be deposited
with the State Superintendent of Insurance, who, acting under chapter 225
of the Laws of 1925, transferred the fund to the State Comptroller. In 1924
the plaintiff was appointed as substituted trustee and seeks possession of the
fund undistributed. Under chapter 223 of the Laws of 1828 the Supreme Court
as successor to the chancellor became vested with the trust estate and as pro-
vided by section 20 of the Personal Property Law it was required to execute
the trust by some person appointed by the court. The plaintiff as substituted
trustee is a " person " entitled to the fund within the meaning of chapter 225
of the Laws of 1925 and, therefore, it was error for the Court of Claims to
reject the claim of the plaintiff to the funds in question.

HASBROUCK, J., dissents, with opinion.

APPEAL by the claimant from a judgment of the Court of
Claims, entered in the office of the clerk of said court on the 9th
day of May, 1927.

*Bernard Cowen,* for the appellant.

*Albert Ottinger,* Attorney-General [*Frederick D. Colson,* Deputy
*Assistant Attorney-General,* of counsel], for the respondent.

HILL, J. Chapter 225 of the Laws of 1925 directs the Superin-
tendent of Insurance to transfer to the State Comptroller funds
in his hands from " old receiverships of defunct insurance com-
panies." The Court of Claims was given sole jurisdiction to
determine claims to these funds. The Atlantic Insurance Com-
pany was formed by a special act of the Legislature (Laws of 1824,

* Revd., 248 N. Y. 408.

chap. 59). It soon had financial difficulties. Chapter 223 of the Laws of 1828 gave authority, in the alternative, to discontinue or, by new subscriptions to the capital stock, to reorganize and continue business. Distribution, if made, was to be under the direction of the chancellor or circuit judge, acting through " commissioners." An account was presented to the chancellor in 1832 and again in 1834, and partial distributions were directed. In 1862 the Supreme Court appointed a trustee and receiver of the undistributed balance, and to take the proceeds of a claim which had been pending against a foreign government for many years. After the death of that trustee and receiver, the fund involved in this proceeding was, in 1921, ordered by the Supreme Court to be deposited with the State Superintendent of Insurance. In 1924 the claimant herein was appointed by the court. The order making such appointment recited as authority the act of 1828. It continued the Superintendent of Insurance as a depository of the fund. The Superintendent determined that the 1925 statute first mentioned herein required the payment of the moneys in this proceeding to the Comptroller, and acted accordingly. The claim by the trustee for the fund was rejected by the Court of Claims, and this appeal taken. The judgment should be reversed.

Supervision over and authority to handle the funds of this insurance company were given to the predecessor of the Supreme Court by the act of 1828. This is an unexecuted trust, and upon the death of the trustee the trust estate " vests in the Supreme Court and shall be executed by some person appointed by the court, whom the court may invest with all or any of the powers and duties of the original trustee or trustees." (Pers. Prop. Law, § 20, as amd. by Laws of 1911, chap. 217.) This claimant trustee was a " person " within the meaning of the 1925 statute. (*Republic of Honduras* v. *Soto*, 112 N. Y. 310; *Sultan of Turkey* v. *Tiryakian*, 213 id. 429.) This act authorizes claims to be made by those " entitled " to any of the funds. " Entitled " fittingly describes the relation of the Supreme Court to this fund. (*Bigelow* v. *Percival*, 162 App. Div. 831; 20 C. J. 1272.) This fund vested in the Supreme Court for the purposes of handling and distribution, both by the old special act of 1828, and the above-quoted section of the Personal Property Law, the last directing that the trust " shall be executed by some person appointed by the court." In order to execute a trust there must be distribution among those entitled, after payment of fees and expenses of the trustee, his agents and attorneys.

The judgment should be reversed on the law, with costs, and judgment directed, with costs, that the fund now deposited with

·the State Comptroller to the credit of the Atlantic Insurance Company is vested in the Supreme Court and in its trustee, Frank P. Walsh, to be transferred and distributed under the order of that court.

VAN KIRK, P. J., HINMAN and WHITMYER, JJ., concur; HASBROUCK, J., dissents with an opinion.

HASBROUCK, J. (dissenting). The controversy between the claimant and the State is one over the ownership of certain moneys. Prior to the passage of chapter 225 of the Laws of 1825, the custody of such moneys was in the Superintendent of Insurance. They were paid over to him in pursuance of an order of the Supreme Court in a proceeding entitled " In the Matter of the Atlantic Insurance Company," on the 18th day of July, 1921, there to remain " to the credit of said Atlantic Insurance Company or of the persons properly entitled thereto until the further order of this court."

These moneys were brought into the court by Charles M. Bleecker, a trustee under the will of John D. Jones. John D. Jones came into possession of the same as trustee and receiver appointed by the Supreme Court February 17, 1862. Substantially $2,000 of the money in Jones' hands were the cash proceeds of the marine insurance business of the Atlantic Insurance Company in 1828 and the balance resulted from the collection of a claim against the country of Colombia, South America, which had seized the ship called the *Mechanic* and her cargo, which had been insured by the Atlantic Insurance Company.

Chapter 223 of the Laws of 1828 contained a scheme for the discontinuance by the insurance company of its marine business, that its credits should be husbanded and its debts paid by the company; that new capital should be subscribed and that after the subscription of new capital the stockholders of the corporation should appoint five trustees for the purpose of collecting the remaining assets and making a distribution after collecting the same of all assets. Such trustees were appointed. Before the purpose of the statute was accomplished all of the trustees died; and as above stated, John D. Jones was appointed trustee and receiver.

By chapter 185 of the Laws of 1882, in case of the death of a trustee the Supreme Court became the trustee of a vacant trust.

John D. Jones died in 1895. No successor to him as receiver was ever appointed. His only successor was the Supreme Court of the State of New York as trustee under the above-named statute, now section 20 of the Personal Property Law.

In 1924 certain stockholders of the Atlantic Insurance Company

petitioned the Supreme Court of the county of New York for the appointment of a trustee in place of John D. Jones, the former trustee, ignoring the fact that the Supreme Court was the trustee. In such circumstances the power of the court was only to appoint an agent to carry into effect the trust. (*Wildey* v. *Robinson*, 85 Hun, 362; McKinney's Pers. Prop. Law, 49, and cases cited.)

The order of the court appointed the plaintiff Frank P. Walsh substitute trustee and he is the claimant at bar.

There can be no question that up to the time of the passage of chapter 225 of the Laws of 1925, the Supreme Court was the trustee of the fund in the custody of the Superintendent of Insurance for the stockholders of the Atlantic Insurance Company, their representatives, heirs and assigns. As such a trustee the Supreme Court held the legal title to the fund in the hands of the Superintendent of Insurance and the stockholders *cestui que trust* were the equitable owners of that fund. (Perry Trusts, § 816-a.)

The equitable ownership turns legal where the purposes of the trust have been accomplished. All the assets of the marine business had been collected, all the debts had been paid. (*Seamans* v. *Gibbs*, 132 Mass. 239; *Winona & St. P. R. Co.* v. *St. Paul & S. C. R. Co.*, 26 Minn. 179, 182; 1 Story Eq. Juris. § 64; Id. [14th ed.] § 105; Perry on Trusts, §§ 920–933.)

The fund did not come into the hands of the Superintendent of Insurance from any receivership, nor from any defunct insurance corporation. It was not " derived " from them or either of them. Therefore, the act of 1925 has no application to this particular fund, and the Court of Claims has no jurisdiction thereof.

If the ownership of the fund was in the Supreme Court as trustee and in the *cestui que trust*, chapter 225 of the Laws of 1925 furnishes no legal authority for the transfer of said funds from the Supreme Court as trustee to the trustee named in such act.

Such legislative transfer fails to recognize the constitutional requirement of due process of law. (N. Y. Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1.)

These moneys in the hands of the Supreme Court as trustee for the *cestui que trust* occupy no different position than if they were in the hands of any individual trustee.

In the act of 1925 the Legislature invades the judicial power. It reverses the order of the court. (Black Judgments [2d ed.], § 298.)

The Legislature too deprives the court and its *cestuis que trust* of their property without providing for any process. If the trustee were Walsh instead of the court he could not be divested of his trust, his right to compensation, his legal title to the fund, by a mere legislative fiat. (*Sliosberg* v. *N. Y. Life Ins. Co.*, 244 N. Y.

482; *Bell* v. *Niewahner,* 54 App. Div. 530; *Warner* v. *Palmer,* 66 id. 127, 128.)

When the government takes the property of the citizen it must do so in accordance with the law of the land and make compensation. (*Chicago, B. & Q. Railway* v. *Drainage Comrs.,* 200 U. S. 561, 585.)

What is due process? Webster in his argument to the United States Supreme Court defines due process of law in *Dartmouth College* v. *Woodward* (4 Wheat. 518, 581; Works of Webster, vol. 5 [13th ed.], p. 487): " By the law of the land is most clearly intended the general law; a law, which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial."

Again he says: " If this were [not] so, acts of attainder, bills of pains and penalties, acts of confiscation, acts reversing judgments, and acts directly transferring one man's estate to another, legislative judgments, decrees, and forfeitures, in all possible forms, would be the law of the land. * * * Judges would sit to execute legislative judgments and decrees; not to declare the law, or to administer the justice of the country." (See, also, *Stuart* v. *Palmer,* 74 N. Y. 183; 2 Cooley Const. Lim. [8th ed.] 736; McKinney's Const. of the State, 131, and cases cited.)

The case of *Masters* v. *Eclectic Life Insurance Co.* (215 App. Div. 424) has no application to the case at bar. In that case, arising under similar provisions of chapter 184 of the Laws of 1924, the fund came into the hands of the Superintendent of Insurance from a receivership of a defunct life insurance corporation. There was no trustee in the ownership of the fund in question therein.

There was no power in the Legislature to reverse the order of the Supreme Court and remove from its jurisdiction the subject of the trust at bar. The attempt to create the Comptroller trustee and transfer the title of the fund from the Supreme Court and the *cestuis que trust* to the Comptroller was in violation of the constitutional right of the court as trustee and the *cestuis que trust* to due process of law.

The Supreme Court having assumed jurisdiction to deal with the trust it is its duty to fully discharge it. (*Winona & St. P. R. Co.* v. *St. Paul & S. C. R. Co., supra;* 1 Story Eq. Juris. § 64; Id. [14th ed.] § 105.)

The judgment of the Court of Claims should be affirmed.

Judgment reversed on the law, with costs, and judgment directed, with costs, that the fund now deposited with the State Comptroller to the credit of the Atlantic Insurance Company is vested in the Supreme Court and in its trustee, Frank P. Walsh, to be transferred and distributed under the order of that court.