FRANK P. WALSH, as Substituted Trustee of the ATLANTIC INSURANCE COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant.

Corporations — receivers — insurance companies — liquidation — purpose of statute directing transfer by Superintendent of Insurance to Comptroller of funds derived from old receiverships of defunct insurance companies and providing that claims to funds shall be filed with Court of Claims within limited time — substitute successive receiver of defunct insurance company, not a person entitled to fund within meaning of statute — not intended that Court of Claims turn fund over to receiver for liquidation in Supreme Court.

1. The purpose of chapter 225 of the Laws of 1925, directing the transfer by the Superintendent of Insurance to the State Comptroller of funds derived from "old receiverships of defunct insurance companies," liquidated prior to the enactment of section 63 of the Insurance Law (Cons. Laws, ch. 28), and providing that between July 1, 1925, and July 1, 1926, "any person, persons, firm, association or corporation" may file a claim with the Court of Claims for any part thereof to which they may claim to be entitled, but that after July 1, 1926, the Comptroller shall pay into the State Treasury all funds not affected by claims theretofore filed with the Court of Claims, was to foreclose all claimants of these funds, or any portion thereof coming within its terms, who did not present their claims within the time limited, and to turn all unclaimed balances into the State Treasury to the credit of the general fund. It was also the purpose of the act to enable the State, through the Court of Claims, to liquidate claims of individuals directly interested in the funds, and it plainly contemplated that the

class of claimants entitled to its benefits should be those ultimately entitled to receive the money in their capacity as stockholders or creditors.

2. The substitute successive receiver of a defunct insurance company, which had been practically liquidated prior to the enactment of section 63 of the Insurance Law, a balance of the assets of which had, by order of the Supreme Court, been paid to the Superintendent of Insurance and by him, pursuant to the act of 1925, paid to the Comptroller, is not, therefore, a person entitled to the fund within the meaning of the statute and the Court of Claims properly dismissed a claim of the receiver on the ground that he was not a proper claimant to the fund. It was not the purpose of the act to permit the Court of Claims to turn the fund over to a receiver for liquidation in the Supreme Court.

*Walsh* v. *State of New York*, 223 App. Div. 319, reversed.

(Argued June 8, 1928; decided June 19, 1928.)

APPEAL from a judgment, entered April 26, 1928, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed a judgment of the Court of Claims directing a dismissal of the claim and directed that certain funds, on deposit with the State Comptroller, be transferred to the claimant for distribution under direction of the Supreme Court.

*Albert Ottinger, Attorney-General (Frederick D. Colson* of counsel), for appellant. Chapter 184 of the Laws of 1924 and chapter 225 of the Laws of 1925 contemplate a complete liquidation of the funds referred to therein by or through proceedings in the Court of Claims — they do not contemplate any further action to distribute these funds by any other court. (*Masters* v. *Eclectic Life Ins. Co.*, 215 App. Div. 424.) If chapter 223 of the Laws of 1828 is still in force, claimant's remedy is in the Supreme Court; if that statute has been superseded by chapter 225 of the Laws of 1925, the claim herein must be dismissed. (*Matter of Knickerbocker Life Ins. Co.*, 199 App. Div. 503; *Matter of Casualty Co. of America*, 217 App. Div. 681; *Matter of Russian Reinsurance Co.*, 223 App. Div. 378.)

*Bernard Cowen* for respondent. The Supreme Court possessed jurisdiction to appoint the trustee as its agent to carry out the unexecuted trust. (*Matter of Tousey*, 2 App. Div. 569; *Jewett* v. *Schmidt*, 83 App. Div. 276.) The trustee possesses all the rights of the original liquidating trustees, and is vested with legal title to the fund. (*Matter of Tousey*, 2 App. Div. 569; *Matter of Jensen Co.*, 128 N. Y. 550; *Matter of Schuyler*, 136 N. Y. 169; *Pratt* v. *Prentice*, 166 App. Div. 907; *Mt. Vernon* v. *County Trust Co.*, 199 N. Y. Supp. 500; *Matter of Union Bank*, 176 App. Div. 477; *Cunningham* v. *Glauber*, 133 App. Div. 10; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 16; *Wilson* v. *Kings County El. R. Co.*, 114 N. Y. 487; *People ex rel. Manice* v. *Powell*, 201 N. Y. 194.) The trustee as agent of the Supreme Court is the only one entitled to distribute the funds among the beneficiaries of the trust. (*Matter of Attorney-General* v. *North American Life Ins. Co.*, 80 N. Y. 152; *Matter of Empire Surety Co.*, 150 N. Y. Supp. 569.) Sole jurisdiction to hear and determine the trustee's claim was vested in the Court of Claims when the Insurance Department transferred the fund to the State Comptroller. (*Masters* v. *Eclectic Life Ins. Co.*, 215 App. Div. 424.)

POUND, J. Chapter 225, Laws of 1925, is entitled: "An Act to provide for the disposition of money and securities in the hands of the superintendent of insurance derived from old receiverships of defunct insurance companies, and making an appropriation for advertising."

It provides for the transfer by the Superintendent of Insurance to the State Comptroller of the funds in the hands of such Superintendent consisting of money and securities heretofore derived from "old receiverships of defunct insurance companies, which companies were liquidated prior to the enactment of section 63 of the insurance law."

Section 63 of the Insurance Law (Cons. Laws, ch. 28)

provides for the liquidation of delinquent insurance companies by the Superintendent of Insurance instead of receivers appointed by the courts. It was added by Laws of 1909, chapter 300.

The act of 1925 provides that between July 1, 1925, and July 1, 1926, " any person, persons, firm, association or corporation entitled or claiming to be entitled to any part of the said fund or any portion thereof " may file a claim with the Court of Claims which shall have sole jurisdiction to hear, audit and determine and render judgment on all claims so filed. After July 1, 1926, the Comptroller shall pay into the State treasury, to the credit of the general fund, all moneys and proceeds of all securities in such special fund not affected by claims theretofore filed with the Court of Claims, and ultimately all balances remaining in such fund, not allowed to claimants by the Court of Claims.

The purpose of the act was to foreclose all claimants of these funds or any portion thereof, coming within its terms, who did not present their claims to the Court of Claims before July 1, 1926, and to turn all unclaimed balances into the State treasury to the credit of the general fund.

The Atlantic Insurance Company was incorporated by chapter 59 of the Laws of 1824 as a marine insurance company. Its business proved to be unprofitable. The Legislature passed chapter 223, Laws of 1828, to enable it to close up its business. The act provided for a petition to the Chancellor or to the circuit judge of the first district for an order winding up the affairs of the company. The company was solvent at the time. The petition was presented to the court and on July 14, 1828, an order was made directing the payment of debts and the distribution of assets among the stockholders by five stockholders, chosen by the board of directors for that purpose. All the debts of the company were then paid and the surplus distributed among the stockholders with the exceptions hereinafter specified.

On or about February 17, 1862, two of the original stockholders petitioned the Supreme Court for further relief. They alleged that all the liquidating stockholders were dead, and that the survivor had at the time of his death about $2,000, and a claim against the government of New Granada. They asked that John D. Jones be appointed as a trustee or receiver of these remaining assets to preserve the rights of those interested in them. The court granted the order and directed the substituted receiver or trustee to hold the moneys received by him subject to the further order of the court. The trustee or receiver collected the claim and died September 22, 1895, holding $31,182.20 collected by him as assets of the Atlantic Insurance Company. The trustees named under his will took possession of the fund. Charles M. Bleecker was appointed as a successor trustee by the will of Jones, by order of the court dated March 10, 1917. On or about June 23, 1921, he obtained an order directing him to pay the balance of the money to the State Superintendent of Insurance. The money was paid over accordingly.

In September, 1924, the personal representative of another deceased stockholder petitioned the court for an order for the appointment of a successor trustee to John D. Jones, deceased, and the court appointed by order dated October 22, 1924, Frank P. Walsh as successor trustee. The order provided:

" III. That pending the further order of this court to be entered on notice to the Superintendent of Insurance and the Attorney-General of the State of New York, all assets of the Atlantic Insurance Company now in the custody of the Superintendent of Insurance pursuant to the order herein of July 18, 1921, and all sums which may be hereafter collected or recovered by the trustee herein appointed and deposited with the Superintendent of Insurance shall be held and kept invested by said Superintendent of Insurance for the benefit of the Atlantic Insurance Company."

Thereafter chapter 225, Laws of 1925, became law; the Superintendent of Insurance paid over to the Comptroller $35,787.10, the balance of the fund remaining in his possession to the credit of Atlantic Insurance Company. Frank P. Walsh as substituted trustee duly filed a claim in the Court of Claims for the entire balance of this fund, " that he may distribute the same under the power vested in him by chapter 223, Laws of 1828."

The State moved to dismiss the claim on the ground that the successor receiver was not a proper party claimant under chapter 225, Laws of 1925. The Court of Claims dismissed the claim. The Appellate Division reversed and gave judgment in favor of the claimant. The prevailing opinion states:

" This is an unexecuted trust, and upon the death of the trustee the trust estate ' vests in the Supreme Court and shall be executed by some person appointed by the court, whom the court may invest with all or any of the powers and duties of the original trustee or trustees.' (Pers. Prop. Law, § 20, as amd. by Laws 1911, chap. 217.) This claimant trustee was a ' person ' within the meaning of the 1925 statute. * * * This act [referring to chapter 225 of the Laws of 1925, pursuant to which the claim herein was filed] authorizes claims to be made by those ' entitled ' to any of the funds. ' Entitled ' fittingly describes the relation of the Supreme Court to this fund."

A dissenting opinion states:

" The fund did not come into the hands of the Superintendent of Insurance from any receivership, nor from any defunct insurance corporation. It was not ' derived ' from them or either of them. Therefore, the act of 1925 [Chapter 225] has no application to this particular fund, and the Court of Claims has no jurisdiction thereof."

The only question before the court is whether the substitute successor receiver of Atlantic Insurance Com-

pany is a "person entitled to the fund" within the meaning of chapter 225, Laws of 1925.

The fund in the hands of the Superintendent of Insurance and by him transferred to the Comptroller pursuant to the act was derived from an old receivership of a "defunct insurance company" which had been practically "liquidated prior to the enactment of section sixty-three of the Insurance Law."

Obviously the purpose of the act of 1925 was to enable the State, through the Court of Claims, to liquidate the claims of the individuals directly interested in the funds of a defunct insurance company no longer in the process of liquidation in the court, and to cover into the State Treasury the unclaimed balance for general State purposes. It was not the purpose of the act to permit the Court of Claims to turn the fund over to the receiver for liquidation in the Supreme Court.

While the Court of Claims had jurisdiction over proper claims to this fund under the act, the Legislature will not be deemed to have done such an unreasonable thing as to permit a receiver, appointed by the Supreme Court, to obtain the judgment of the Court of Claims, directing the payment of the fund to him. The act plainly contemplates that the class of claimants entitled to its benefits should be the persons, etc., ultimately entitled to receive the money in their capacity as stockholders or creditors. The Court of Claims properly dismissed the claim of the receiver on the ground that he was not a proper claimant to the fund. No other question is before the court for determination.

The judgment of the Appellate Division should be reversed and that of the Court of Claims affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.