In the Matter of the Application of Certain Stockholders of the ATLANTIC INSURANCE COMPANY for the Appointment of a Trustee Thereof in the Place and Stead of JOHN B. JONES, the Former Trustee, Now Deceased.

In the Matter of the ATLANTIC INSURANCE COMPANY.

Supreme Court, New York County, January 11, 1929.

*Bernard Cowen,* for the motion.

*Albert Ottinger, Attorney-General [Frederick D. Colson* of counsel], opposed.

McGoldrick, J.   The sequence of events in the organization and subsequent proceedings concerning the Atlantic Insurance Company which resulted in the fund now in question are stated and set forth in the opinions of the court in *Walsh* v. *State* ([1928] 223 App. Div. 319; revd., 248 N. Y. 408) and need not be here repeated.

It is now urged: (1) That chapter 225 of the Laws of 1925 does not supersede or operate as a repeal of chapter 223 of the Laws of 1828.   Further, it is contended that said statute of 1925 is unconstitutional and void on the following grounds: (2) that it divests the legal title of Frank P. Walsh, as substituted trustee, by legislative fiat and deprives the said trustee and the stockholders of Atlantic Insurance Company and their representatives of their property without due process of law; (3) that it contravenes article 6, section 1, of the State Constitution in that it divests and excludes and restricts the Supreme Court of its jurisdiction.

The determination of the constitutionality and the validity of chapter 225 of the Laws of 1925 was not necessarily and directly involved, nor was it determined, by the Court of Appeals in its decision in *Walsh* v. *State* (248 N. Y. 408); the court's opinion stating: " The only question before the court is whether the substitute successor receiver of Atlantic Insurance Company is a ' person entitled to the fund ' within the meaning of chapter 225, Laws of 1925.   *   *   *   The Court of Claims properly dismissed the claim of the receiver on the ground that he was not a proper

claimant to the fund. No other question is before the court for determination."

(1) The provisions of chapter 223 of the Laws of 1828 and of chapter 225 of the Laws of 1925 are incongruous; they are plainly inconsistent, in which case those in the latter statute prevail, and to that extent the provisions in the former statute are in effect repealed. The intent of the Legislature to so work such a repeal is made especially clear where, as here, it appears that the latter statute was enacted upon the recommendation to the Legislature by the State Superintendent of Insurance and in which he specifically mentions the fund of the Atlantic Insurance Company as one of those that he desired to have transferred to the custody of the State Comptroller. In addition to this, however, it is my opinion that chapter 223 of the Laws of 1828 was in effect rendered nugatory by the enactment of the Insurance Law, being chapter 33 of the Laws of 1909.

Said Insurance Law is an exhaustive codification and revision, as appears from the consolidator's notes, of all prior statutory law covering insurance matters. It was designed and intended to reduce all prior statutes on insurance matters, whether special statutes or general statutes, to a complete and harmonious system and, under the established decisions, was intended to be and is substituted in the place of all such prior statutes and should be taken in insurance matters as the sole rule of action. (*Pratt Institute* v. *City of New York*, [1905] 183 N. Y. 151; *People ex rel. Roosevelt Hospital* v. *Raymond*, [1909] 194 id. 189; *Lord* v. *Equitable Life Assur. Soc.*, [1909] Id. 212; *Indiana Mfg. Co.* v. *Koehne*, 188 U. S. 681, 688.)

When John D. Jones, receiver or trustee of Atlantic Insurance Company, died in 1895, the liquidation of said company had been fully administered except for the administrative detail of distributing this fund of surplus assets now in question to those ultimately entitled thereto.

Thereafter these funds, by court order of July 18, 1921, were paid into the custody of the Superintendent of Insurance, which order provided: " Further ordered and decreed that the said State Superintendent of Insurance be and he hereby is authorized, directed and permitted to invest the amount so directed to be paid him, or so much thereof as he may deem necessary, in the United States Government Treasury Certificates or other bonds or debentures issued by the United States of America, and keep such funds so invested to the credit of the said Atlantic Insurance Company or of the persons properly entitled thereto, *until the further order of this court.*"

The expression in the above order, "until the further order of this court," properly considered, means simply that the Supreme Court would make further orders on merely incidental matters, upon application of the Superintendent of Insurance, as provided and prescribed in section 63, as amended, of the Insurance Law.

The Appellate Division of this department, in *Matter of Knickerbocker Life Ins. Co.* ([1922] 199 App. Div. 503; appeal dismissed, 233 N. Y. 604) vacated an order appointing a receiver of the assets and property of that insurance company and a referee to take proofs, and stated: "The Superintendent of Insurance since the enactment of section 63 of the Insurance Law has been the official liquidator of all insolvent insurance companies. The purpose of this law was to provide for an economical liquidation of insolvent insurance companies through the agency of a State department, and to prevent the waste of assets which theretofore had been occasioned through receiverships. No good purpose can be served by the transfer of the assets from the custody and control of the State department to a receiver. * * * The only effect of this order [appointing a receiver] will be to dissipate the funds in unnecessary receiver, referee and counsel fees."

(2) Chapter 225 of the Laws of 1925 did not deprive the original stockholders of the Atlantic Insurance Company, or their representatives, of their property or rights without due process of law.

Although the term "due process of law" has properly been held not susceptible of exact and comprehensive definition, as its meaning necessarily varies with the dissimilarity in the proceedings in which it is required (*People* v. *Adirondack R. Co.*, 160 N. Y. 225), it has always been held imperative to require that, in all proceedings of a judicial nature looking to a deprivation of life, liberty or property, the person proceeded against is entitled as a matter of right to notice and an opportunity to be heard. (*People ex rel. Barone* v. *Fox*, 202 N. Y. 616; *Lawton* v. *Steele*, 119 id. 226.)

As to the "notice required by due process," the form of the notice that shall be given rests largely with the legislative discretion. Personal notice is not an indispensable element of due process of law, and its requirement is met when the Legislature has prescribed a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him and will be afforded an opportunity to defend (*Matter of Barnes*, 204 N. Y. 108), and such notice may be given by publication (*Matter of Union El. R. R. Co.*, 112 N. Y. 61; *Happy* v. *Mosher*, 48 id. 313).

The provision of chapter 225 of the Laws of 1925, in substance, that claimants must present their claims to the Court of Claims within one year after its enactment, namely, prior to July 1, 1926, is in the nature of a Statute of Limitations and clearly within the power of the Legislature to enact as it has been held that a year or even six months is a reasonable time to allow for the enforcement of existing demands. (*Halsted* v. *Silberstein*, 196 N. Y. 1; *Rexford* v. *Knight*, 11 id. 308; *People ex rel. Staples* v. *Sohmer*, 150 App. Div. 8.)

(3) I consider under the facts in this record that the rule announced in *Masters* v. *Eclectic Life Ins. Co.* ([1926] 215 App. Div. 424) should be applied where it was determined that the companion act to chapter 225 of the Laws of 1925, namely, chapter 184 of the Laws of 1924, which conferred jurisdiction on the Court of Claims to determine rights in funds of defunct life insurance companies, was not unconstitutional on the ground that it tends to divest the Supreme Court of its constitutional jurisdiction, for the jurisdiction conferred by the Constitution does not inherently include administrative proceedings designed by legislative enactment for liquidation of insurance companies, and the Legislature had power to vest the determination of that question solely in the Court of Claims. While in the case just cited it is stated that no jurisdiction had been theretofore " conferred upon the Supreme Court to determine the ownership and interest in these funds," the Appellate Division held " that this liquidation under the statute is an administrative proceeding committed by the Legislature to the control of one of the State departments." The performance of administrative duties cannot be imposed by the Legislature upon the Supreme Court, as such, except as to matters incidental to the exercise of judicial duties. (See *Matter of Davies*, [1901] 168 N. Y. 89.) Therefore, any jurisdiction to determine the ownership and interest of the funds of the Atlantic Insurance Company here in question was properly a subject for legislative action. Accordingly, the rule announced in the *Masters Case* (*supra*) is here controlling. Frank P. Walsh was appointed as such substituted trustee of the Atlantic Insurance Company by order of this court made October 2, 1924, and at that time such funds were and had been in the custody of the Superintendent of Insurance since 1921, in accordance with the provisions of the court order of April 18, 1921. They were not directed to be turned over to Frank P. Walsh, as such substituted trustee, but the last mentioned court order of October 2, 1924, provided:

" III. That pending the further order of this court to be entered on notice to the Superintendent of Insurance and the Attorney-

General of the State of New York, all assets of the Atlantic Insurance Company now in the custody of the Superintendent of Insurance, pursuant to the order herein of July 18, 1921, and all sums which may be hereafter collected or recovered by the trustee herein appointed and deposited with the Superintendent of Insurance, shall be held and kept invested by the said Superintendent of Insurance for the benefit of the Atlantic Insurance Company."

Though designated in the order as " trustee," Frank P. Walsh was really a liquidator, and no further duties remained concerning such funds than the administrative detail of distributing them to those ultimately entitled thereto, namely, the original stockholders and their representatives, when ascertained.

Though it may be deemed unessential and unnecessary to the determination of the precise question before the Court of Appeals in *Walsh* v. *State* (248 N. Y. 408), and technically may be termed *obiter dicta,* in my opinion the Court of Appeals correctly stated, and I hold that: " The fund in the hands of the Superintendent of Insurance and by him transferred to the Comptroller pursuant to the act [Chapter 225, Laws of 1925] was derived from an old receivership of a ' defunct insurance company ' which had been practically ' liquidated prior to the enactment of section sixty-three of the Insurance Law.' "

In October, 1924, there was a statutory official liquidator for all insurance companies, namely, the Superintendent of Insurance, and by its order the court then appointed Frank P. Walsh also as a liquidator of this insurance company, though designating him in this order a " substituted trustee." The capacity and duties of Frank P. Walsh under the order are to be determined by the substance thereof and not by mere form, and in substance and in fact he was appointed as a coliquidator of this insurance company with the Superintendent of Insurance.

Both the Superintendent of Insurance and Frank P. Walsh, as such liquidator, were subject to control and regulation by legislative action in respect to their administrative duties concerning such funds.

In this situation the Legislature had full power and authority to enact chapter 225 of the Laws of 1925, and when it took effect on April 1, 1925, the further duties of both Frank P. Walsh and of the Superintendent of Insurance in respect to these funds were only as therein regulated and prescribed. The 1925 statute did not divest by legislative fiat any title of Frank P. Walsh as trustee; in truth and in fact Frank P. Walsh never was what is known to the law as a trustee but was merely an administrative liquidator of a fund of a defunct insurance company.

For the reasons stated the motion must be denied, but without costs.

Frank P. Walsh, in good faith and as an officer of this court, has diligently proceeded under the provisions of the court order of October 2, 1924; and has necessarily incurred disbursements in the performance of his duties, and has rendered efficient services of unquestioned value to the stockholders of the Atlantic Insurance Company and their representatives. Though he erred in his application to prosecute claims in the Court of Claims, as has been determined by the Court of Appeals, the error was most excusable in that his point of view was sustained by four of the justices of the Appellate Division of the Third Department.

Under the existing circumstances, it appears to me that proper, substantial and adequate relief can and should be afforded to him and such stockholders and their representatives, and that an appeal to the Legislature therefor would not be in vain.